UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.     EDCV 16-1505 RSWL (SS)                    Date: July 15, 2016
                                                       Page 1 of 6

Title:       Vicente Gonzalez De Luna v. Timothy S. Robbins, et al.

DOCKET ENTRY:     **ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED FOR LACK OF JURISDICTION**

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

  Marlene Ramirez            _____None_____            __None__
   Deputy Clerk         Court Reporter/Recorder          Tape No.

ATTORNEYS PRESENT FOR PLAINTIFF:       ATTORNEYS PRESENT FOR DEFENDANTS:

        None Present                            None Present

**PROCEEDINGS:  (IN CHAMBERS)**

On July 11, 2016, Petitioner Vicente Gonzalez De Luna, a federal immigration detainee proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Petitioner is a Mexican national who was taken into custody by Customs Border Protection in San Ysidro, California on January 13, 2014 and has been in federal custody ever since.  (Petition at 1-2).  Although Petitioner states that his indictment for "attempting to reenter illegally" was dismissed on November 18, 2014, he was transferred to the custody of DHS/ICE on December 29, 2014, where he remains.  (Id.).

Petitioner admits that he has had two bond hearings since he was taken into DHS detention.  At the first bond hearing, held on July 29, 2015, the Immigration Judge ("IJ") granted bond and set the amount at $100,000.  (Id.).  Following a successful appeal to the Board of Immigration Appeals ("BIA"), Petitioner's case was remanded to the IJ for further

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    EDCV 16-1505 RSWL (SS)           Date: July 15, 2016
                                              Page 2 of 6

Title:      Vicente Gonzalez De Luna v. Timothy S. Robbins, et al.

proceedings. On February 16, 2016, the IJ again granted a bond and reset the amount at $60,000, which Petitioner maintains is still "extremely too high and it's like having no bond in my case because my family can't pay 60,000 dollars." (Id.) (spelling and punctuation errors corrected). According to Petitioner, the IJ's "refusal to establish an appropriate bond amount is arbitrary and capricious, based on an erroneous interpretation of the law, and constitutes [an] abuse of discretion." (Id. at 11).

Petitioner states that the "Immigration Judge's [deportation] decision has been appealed to the Board of Immigration Appeals," but notes that the BIA appeal, "and any subsequent appeal to the federal courts, may be pending for a period of two years or more." (Id.). In light of his already lengthy detention and the anticipated delay before his removal order is finalized, Petitioner asks that the Court "order that Petitioner be released immediately from DHS custody either without bond or with bond in a reasonable amount to be determined by the Court," or, in the alternative, that a third "bond hearing be held immediately before an immigration judge." (Id. at 12) (emphasis in original).

Petitioner's eligibility for release on bond pending removal and the standards that apply are governed by different statutes depending on the stage of removal proceedings, i.e., before the removal order becomes final and the statutory 90-day "removal period" is triggered; during the "removal period"; or after the "removal period." The Supreme Court has explained:

> While removal proceedings are in progress, most aliens may be released on bond or paroled. 66 Stat. 204, as added and amended, 110 Stat. 3009–585, 8 U.S.C. §§ 1226(a)(2), (c) (1994 ed., Supp. V). After entry of a final removal order and during the 90–day removal period, however, aliens must be held in custody. § 1231(a)(2). Subsequently, as the post-removal-period statute provides, the Government "may" continue to detain an alien who still remains here or release that alien under supervision. § 1231(a)(6).

Zadvydas v. Davis, 533 U.S. 678, 683 (2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.    EDCV 16-1505 RSWL (SS)                    Date: July 15, 2016
                                                      Page 3 of 6

Title:      Vicente Gonzalez De Luna v. Timothy S. Robbins, et al.

    Because the Petition alleges that Petitioner's appeal of the IJ's removal order is pending before the BIA and has not yet been presented to the Ninth Circuit, it appears that Petitioner is being detained pursuant to 8 U.S.C. § 1226(a), which authorizes detention pending a decision on whether an alien is to be removed from the United States. See 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."); Prieto-Romero v. Clark, 534 F.3d 1053, 1060 (9th Cir. 2008) (§ 1226(a) applies even when a removal order is "administratively final" but not "judicially final"); Casas-Castrillon v. Dep't of Homeland Sec., 535 F.3d 942, 947 (9th Cir. 2008) (mandatory detention during 90-day "removal period" under § 1231(a) does not begin until the circuit court denies the petition for review of the IJ's removal order and withdraws the stay of removal).

    Foreign nationals held under section 1226(a) may not be detained "for a prolonged period" without being provided "a neutral forum in which to contest the necessity of [their] continued detention." Id. at 948-49 (an alien "whose removal has been delayed while he pursues judicial review of his administratively final order of removal" is entitled to an individualized hearing). Continuing detention becomes "prolonged" "at the 180-day mark." Rodriguez v. Robbins, 715 F.3d 1127, 1136 (9th Cir. 2013) (citing Diouf v. Napolitano, 634 F.3d 1081, 1091 (9th Cir. 2011)). The Ninth Circuit has held that "a federal district court has habeas jurisdiction under 28 U.S.C. § 2241 to review Casas bond hearing determinations for constitutional claims and legal error." Singh v. Holder, 638 F.3d 1196, 1200 (9th Cir. 2011). However, pursuant to § 1226(e), a court does not have jurisdiction to entertain a challenge to a bond amount when the alien's continued detention is statutorily authorized under § 1226(a), as here. See Prieto-Romero, 534 F.3d at 1067.

    According to the Petition, Petitioner has been in DHS/ICE custody since December 29, 2014, well beyond the 180-day presumptively "prolonged" period during which an alien may be held without a hearing. (Petition at 1). However, the Petition indicates that Petitioner has had two bond hearings, with favorable results both times. (Id.). At each hearing, Petitioner was found eligible for release pending removal and a bond was set. (Id.). Thus, the IJ has twice found in Petitioner's favor that he is not a flight risk or a danger to

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.     EDCV 16-1505 RSWL (SS)                    Date: July 15, 2016
                                                       Page 4 of 6

Title:        Vicente Gonzalez De Luna v. Timothy S. Robbins, et al.

the community and may be released upon payment of a bond. See Singh, 638 F.3d at 1203 ("[T]he government must prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond at a Casas hearing"). Accordingly, it appears that Petitioner has received the process he was due. See de Minnella v. Santa Ana, 2013 WL 3121988, at *4-5 (C.D. Cal. June 19, 2013) (alien's challenge to detention under section 1226 was moot because petitioner had already had an individualized hearing and thus had been accorded the only available remedy the court could order).

Although Petitioner summarily asserts that his continued detention violates due process, an IJ has twice authorized his release on bond. Therefore, the gravamen of the Petition appears to be a challenge to the $60,000 bond amount, which Petitioner argues is disproportionate to his means. (Petition at 1 & 12). However, Congress has plainly stated that challenges to bond amounts under section 1226 are not cognizable on judicial review. See 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."); see also Prieto-Romero, 534 F.3d at 1067 (the court does not have authority to "review the reasonableness of the amount of bond" when alien is detained under § 1226); Rivera v. Holder, 307 F.R.D. 539, 546 (W.D. Wash. 2015) (citing Prieto-Romero for the proposition that a court has "no authority to hear [a] challenge that [the] bond amount was excessively high"); Yam-Pech v. Holder, 2014 WL 183822, at *3 (D. Colo. Jan. 16, 2014) ("[T]he immigration judge's decision to grant bond in a specific amount is an exercise of executive discretion under § 1226(e) that is not subject to judicial review."); Amador v. ICE Field Office Director, 2011 WL 6968323, at *3 (W.D. Wash. Nov. 28, 2011) (court lacked jurisdiction to order IJ to reduce bond amount because § 1226(e) "does not permit the Court to review the IJ's discretionary judgment regarding the reasonableness of the bond amount, even if petitioner cannot afford to post it"); Garcia v. Kane, 2010 WL 334692, at *1 (D. Ariz. Jan. 22, 2010) ("[B]ecause Petitioner remains lawfully detained under § 1226(a), the Court is without jurisdiction under § 1226(e) to review the reasonableness of the bond amount even if Petitioner cannot afford to post it.").

Bond determinations prior to and after the "removal period" are governed by different statutes. Congress has explicitly divested courts of jurisdiction to hear pre-removal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.     EDCV 16-1505 RSWL (SS)          Date: July 15, 2016
                                                                  Page 5 of 6

Title:        Vicente Gonzalez De Luna v. Timothy S. Robbins, et al.

period bond challenges. 8 U.S.C. § 1226(e). However, in Zadvydas, the Supreme Court held as a matter of statutory construction that section § 1231(a)(6), which authorizes the INS to continue to detain an alien beyond the 90-day "removal period," must be read to limit post-removal period detention only to a "period reasonably necessary to secure removal" and does not permit indefinite detention "once removal is no longer reasonably foreseeable." Zadvydas, 533 U.S. at 699. According to the Supreme Court, the statute implicitly incorporates a presumptively reasonable six-month period beyond which detention is no longer permitted absent a showing by the government that the alien's removal is reasonably foreseeable. Id. at 701. Citing Zadvydas, the Ninth Circuit has observed that "serious questions may arise concerning the reasonableness of the amount of [a post-removal period] bond if it has the effect of preventing an alien's release." Doan v. INS, 311 F.3d 1160, 1162 (9th Cir. 2002).

      However, Petitioner's pre-removal period detention under § 1226(a) is not indefinite as it will come to a conclusion at the end of judicial review of the removal order. As the Ninth Circuit has explained, Zadvydas's holding applies only to post-removal period detentions under § 1231(a), and not to pre-removal period detentions authorized by § 1226(a).

> Because [petitioner's] detention does not run afoul of the implicit statutory limitation announced in Zadvydas, he remains lawfully detained under § 1226(a), and Doan does not license us to review the reasonableness of the amount of bond, even if [petitioner] cannot afford to post it. [Petitioner] would have us second-guess the IJ's discretionary assessment of the bond amount required to secure his presence at removal in the event that his petition for review is denied. We have no authority to entertain his challenge. See § 1226(e).

Prieto-Romero, 534 F.3d at 1067 (some citations omitted) (affirming denial of habeas petition challenging bond even though petitioner had been detained under § 1226(a) for more than three years and was unable to afford bond amount).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 16-1505 RSWL (SS)                              Date:  July 15, 2016
                                                                Page 6 of 6

Title:       Vicente Gonzalez De Luna v. Timothy S. Robbins, et al.

     Accordingly, Petitioner is **ORDERED TO SHOW CAUSE** within **fourteen (14) days** of the date of this Order why this action should not be dismissed for lack of jurisdiction. Petitioner is specifically directed to inform the Court why his Petition is not an impermissible challenge to the <u>amount</u> of his bond.

     **Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). <u>A Notice of Dismissal form is attached for Petitioner's convenience.</u>  Petitioner is expressly warned that failure to timely file a response to this Order may result in a recommendation that this action be dismissed for failure to comply with Court orders and failure to prosecute.  <u>See</u> Fed. R. Civ. P. 41(b).**

     The Clerk of the Court is directed to serve a copy of this Order upon Petitioner at his address of record.

     IT IS SO ORDERED.

MINUTES FORM
CIVIL-GEN                                                              Initials of Deputy Clerk  mr